# GRAY *v.* NOHOLOA.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 174. Submitted April 20, 1909.—Decided May 17, 1909.

Which is the correct English translation of a will written in the Hawaiian language is a pure question of fact, and in this case this court follows its usual course in regard to the findings of fact of both the lower courts and adopts the translation which both found to be correct.

The will of a childless testatrix, who lived with her husband in the

leper colony of Hawaii leaving all her property to her husband, was rightfully construed as relating to all property whether situated in that colony or outside thereof, it not being presumed that she died intestate as to any of her property or that she would limit her bounty to her husband by omitting any of her property.

18 Hawaii, 265, affirmed.

THE appellant herein appeals from the decree of the Supreme Court of the Territory of Hawaii. The facts relating to the case are as follows:

Hikaalani Hobron Noholoa was a resident of the island of Molokai, Territory of Hawaii, which is called the leper settlement, and was a leper, about seventy-five years of age, at the time of her death, on or about the twenty-ninth of June, 1906. Deceased left a husband, who was also a resident of the settlement and a leper, and a niece, the appellant, Kaimiola Nakookoo Gray, also residing on the island, and two grandnieces, being minors, residing in Honolulu. She left a will, written in the Hawaiian language, of which the following was taken as a translation by the courts below:

"I, the undersigned, a leper residing at Kalaupapa, Island of Molokai, Territory of Hawaii, do make this my Last Will for all property known belonging to me and appearing in my name situate at Kalaupapa aforesaid, with good will (or intention,) do hereby bequeath the same as hereinafter described: One gray horse, one bay mare; one black mare; one frame wooden house and other houses owned by me, as well as all other property owned by me, to my husband David Noholoa, residing at Kalaupapa aforesaid, to him and to his heirs, administrators and executors forever. Renouncing all claims that my relatives may set up in law to this."

The above will was duly admitted to probate in the Circuit Court of the Second Circuit of the Territory on the twelfth day of December, 1906, and, upon petition duly made, the court granted letters of administration with the will annexed to Enoch Johnson, who thereupon received such letters and entered upon his duties as such administrator.

After the application on the part of the husband for the probate of the will of his wife, and after the filing of the same with the clerk of the Circuit Court, but before the granting of letters of administration to Enoch Johnson, as prayed for by the husband, a petition was filed with the same court by Kaimiola Nakookoo Gray, the appellant herein, and a niece of the deceased testatrix, in which petition it was averred that the will of the testatrix, which was offered for probate, did not dispose of any property other than which was within and at the leper settlement, and that the testatrix at the time of her death owned other property outside of the settlement of the assessed value of several thousand dollars, and it was averred that there was no person who could lawfully demand settlement of the people who had possession of the property outside of the settlement, and therefore the petitioner asked for the appointment of some suitable person as administrator of the estate of which decedent died intestate, and that due notice might be given thereof.

Subsequently to the filing of this petition the probate court duly admitted the will as translated by the court to probate, and also denied the petition of the niece for letters of administration upon that portion of the land of deceased which she asserted was not included in the will. The translation of the will which she put in evidence in her proceeding, was the same one that was made by the court in the proceeding to admit the will to probate.

Kaimiola Nakookoo Gray duly appealed from the order or decree of the probate court refusing to grant letters of administration, as petitioned for, and the appeal was duly argued, without objection, in the Supreme Court of the Territory upon the same translation of the will, and the decree was affirmed.

A motion was then made for a rehearing of the case, and upon that motion, for the first time, ex parte affidavits were used on behalf of the appellant in regard to the translation of the will of testatrix. These affidavits asserted that the translation adopted, and most of it made, by the probate court, and

adopted by the Supreme Court upon the hearing, without protest or question on her part, was not an accurate translation, and the following was asserted to be the true translation:

"I, the undersigned, a leper residing at Kalaupapa, Island of Molokai, Territory of Hawaii, make this my last testament concerning all chattels known as mine and in my possession, being in Kalaupapa aforementioned; with sane mind I bequeath all those said goods of mine described as follows, to wit,

"1 Creamed colored horse,

"1 Bay mare,

"1 Black mare,

"1 Wooden house together with certain other houses, and all other chattels belonging to me, to my husband, David Noholoa, residing at said Kalaupapa and to his heirs and assigns forever. My heirs shall not have any right to claim these at law.

"In witness whereof I hereunto subscribe my name this 18th day of November, 1901."

The court refused to accept such translation or to set aside or correct the translation already made and adopted by it, and thereupon denied the motion for a rehearing, Frear, Chief Justice, dissenting.

From the decree of affirmance, Kaimiola Nakookoo Gray has appealed to this court.

*Mr. David L. Withington, Mr. J. Alfred Magoon* and *Mr. J. Lightfoot* for appellant.

*Mr. William L. Stanley, Mr. Clarence H. Olson* and *Mr. Henry Holmes* for appellee.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The sole question in this case is whether property which belonged to testatrix in her lifetime, and was situated outside

of the leper island, or settlement, at the time of her death passed by her will.

The appellant asserts that the translation of the will, although made by one and adopted by both courts below without opposition, and offered on her part in this proceeding, both in the trial court and upon review, is, nevertheless, inaccurate; that the translation which she submitted in her motion for a rehearing, as contained in certain *ex parte* affidavits, is the more accurate of the two, and if it were adopted the original will in such case, as so translated, would not dispose of any property which belonged to the testatrix at the time of her death, situated outside of the leper settlement; and, as no executor was appointed in the will, the petition of the appellant for the appointment of an administrator with the will annexed as to all outside property of which the testatrix died intestate should, as she claims, have been granted, and to that end the order should be reversed.

What is the correct English translation of the original will in this case, written in the Hawaiian language, is a pure question of fact.

The record shows that Judge Kepoikai, judge of the probate branch of the Circuit Court, Second Circuit, himself translated, at least in part, the will now before us for construction. The record discloses no objection or opposition to such translation, or any criticism of its accuracy at that time. The Supreme Court, on appeal, used the same translation, without criticism or opposition, as had been used by the trial court, and, upon that translation, affirmed the decree. Mr. Justice Hartwell, in writing the opinion of the Supreme Court, said: "The original of the will shows more clearly than does the evidently defective translation that the intention was to dispose of 'also all the other property known to be mine.' The decedent evidently knew well what her property at Kalaupapa was, and there is no reason to suppose she did not know of the property in Honolulu." So that whether the translation adopted by the court below and the Supreme Court was defective or not, the

view of the latter court was that a correct translation showed the intention of the testatrix to dispose of all her property, or, as the court said, "also all the other property known to be mine."

As the two courts below have determined the question of fact, we follow our usual course in such cases and adopt the translation of the will which they have adopted.

The legal question then arising is, what did the testatrix mean by her will? Her intention is to be derived from her language, and we are of opinion that the lower court was correct in its construction as given to us.

A perusal of the will as translated and adopted by the courts below leaves us in no doubt that the testatrix's intention was to give to her husband, not only the property which she left situated at Kalaupapa, but also all other property owned by her, wherever it might be situated and whatever it might be. We do not think she intended to die intestate as to any portion of her property, or to limit her bounty to her husband to such property only as was situated at Kalaupapa.

The decree of the Supreme Court of the Territory is therefore

*Affirmed.*